UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT LOCK & HARDWARE, INC., et al.,

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 10-1774 (JDB)

# MEMORANDUM OPINION

District Lock and Hardware, Inc., and its principal shareholder, Michael Horwatt (collectively "plaintiffs"), have brought suit against the District of Columbia and D.C. Office of Tax Revenue Officers Sabrina Cobb and Beddell Terry (collectively "defendants") regarding the defendants' tax sale of District Lock and Hardware property. Plaintiffs seek damages pursuant to 42 U.S.C. § 1983 and common-law theories of negligent training, negligent and intentional infliction of emotional distress, and conversion.[1] Plaintiffs originally brought suit in the Superior Court of the District of Columbia, but defendants removed the action based on the federal § 1983 claim. Defendants have now moved to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment, Fed. R. Civ. P. 56(b). Defendants also argue that this Court lacks subject matter jurisdiction due to the Federal Tax Injunction Act, 28

---

[1] Although plaintiffs' Amended Complaint only alleges a § 1983 claim against defendants Cobb and Terry, plaintiffs nevertheless contend that they have not "withdr[awn] their . . . § 1983 claim against the District" of Columbia. Pls.' Opp. [Docket Entry 26] at 2 n.1 (citing Am. Compl. [Docket Entry 11] ¶¶ 27-37). Even if plaintiffs had included the District as a defendant in their § 1983 claim in their amended complaint, that claim would be barred for the reasons set forth in this opinion.

U.S.C. § 1341, and under the related principle of comity. This Court will remand this case to the Superior Court of the District of Columbia based on comity in deference to the District of Columbia tax system.

## BACKGROUND

Plaintiffs' claims arise from defendants' tax sale of District Lock and Hardware property to recover back sales taxes. The focus of plaintiffs' argument is that defendants "fail[ed] to give [them] any written notice of a tax bill." Am. Compl. ¶ 14. Plaintiffs do not deny that defendants "informed [them] that [District Lock and Hardware] owed . . . $975,117.85 in back sales taxes." Id. ¶ 11. Nor do they deny defendants "notified [them] . . . that the business was going to be seized and auctioned off," even if they contend that the notification was "cryptic[] and hurried[]." Id. ¶ 16.

Plaintiffs, however, do take issue with the adequacy of defendants' notification, the amount of their purported tax liability, and irregularities in the negotiation and the tax sale processes. Specifically, plaintiffs allege that defendants informed them orally, but never in writing, regarding the business's tax liability and the tax sale. Moreover, they contend that the business's "outstanding tax debt was less than . . . $75,000" and that the "[a]mount represented to [them] . . . was significantly inflated, erroneous, unfounded, and fraudulent." Id. ¶¶ 22-23. Regarding the negotiation process, plaintiffs allege that "[d]efendants . . . steadfastly and repeatedly refused to allow them to enter into a negotiation of their purported tax debt unless . . . they paid up front . . . $50,000." Id. ¶ 13. As to the tax sale, plaintiffs claim that it was "irregular and suspect" because "there [were] in effect two auctions" and "one of [p]laintiffs' business competitors" won the auction. Id. ¶ 19.

Based on these allegations, plaintiffs brought suit in the Superior Court of the District of

Columbia seeking damages under 42 U.S.C. § 1983 and various common law theories. Defendants removed the action due to the federal claim. Defendants have now moved to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment, Fed. R. Civ. P. 56(b). Although defendants do not specifically move pursuant to Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, defendants contend that this "Court lacks subject matter jurisdiction under the Federal Tax Injunction Act" and "under the principle[] of comity." Defs.' Mot. to Dismiss [Docket Entry 19] at 9, 15.

## STANDARD OF REVIEW

Because the Court remands for lack of subject matter jurisdiction, the Rule 12(b)(1) standard is the only relevant standard of review. Under that rule, the party seeking to invoke the jurisdiction of a federal court – plaintiffs here – bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998)); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "'plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice

and Procedure § 1350 (2d ed. 1990)). At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); St. Francis Xavier Parochial Sch., 117 F.3d at 624-25 n.3; Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir.1992).

## DISCUSSION

Although defendants have removed this case from the Superior Court of the District of Columbia based on federal question jurisdiction, they now argue that this "Court lacks subject matter jurisdiction under the Federal Tax Injunction Act" and "under the principle[] of comity." Defs.' Mot. to Dismiss 9, 15. The Federal Tax Injunction Act ("FTIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Plaintiffs' action, however, does not fall within the plain language of the FTIA because they seek to recover damages rather than to "enjoin, suspend or restrain the assessment, levy or collection of any tax." Id.[2] Although the Supreme Court has not decided

---

[2] Similarly, because plaintiffs only seek damages, their action is not barred by the plain language of the District of Columbia Tax Injunction Act. See D.C. Code § 47-3307 ("No suit shall be filed to enjoin the assessment or collection by the District of Columbia or any of its officers, agents, or employees of any tax.").

"whether the Act [itself] covers damages suits under 42 U.S.C. § 1983," Wright v. Pappas, 256 F.3d 635, 636 (7th Cir. 2001), the Supreme Court has found "that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts," Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981). As the Supreme Court explained in McNary, the principle of comity embodies "Our Federalism" and reflects "'a proper respect for state functions" in "the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.'" Id. at 112 (quoting Younger v. Harris, 401 U.S. 37, 44 (1971)).

Jurisdiction over plaintiffs' suit turns on whether the District of Columbia tax system is entitled to comity, whether comity precludes federal court jurisdiction over local tax sale challenges, and whether defendants waived a comity argument by removing the case. The D.C. Circuit has not yet addressed whether the FTIA, let alone the related principle of comity, bars federal court challenges to District of Columbia taxes in the same manner that it bars federal court challenges to state taxes. Because the D.C. Circuit treats the District of Columbia as a state for purposes of assessing comity in the Younger abstention context, this Court concludes that comity bars challenges to District of Columbia taxes in federal court such as plaintiffs pursue here. There is some division of authority regarding whether a federal court may entertain a challenge to the adequacy of the process in a local tax sale. This Court, however, has previously found, and maintains despite Second Circuit precedent to the contrary, that considerations of comity bar challenges to the adequacy of the process in tax sales because a challenge to the process of a tax sale is effectively a challenge to the "collection of a[] tax." 28 U.S.C. § 1341. Finally, there is the question here whether the District of Columbia waived any jurisdictional

objection based on comity by removing this case from Superior Court. Although the District of Columbia may theoretically waive an objection based on the principle of comity, it would be inappropriate for this Court to find waiver when neither party believes the case should be in this Court. Accordingly, this Court concludes that plaintiffs' action does not properly lie in this Court, and will remand the case to Superior Court.

**A. The District of Columbia Tax System is Entitled to the Same Considerations of Comity as a State Tax System.**

No court has resolved whether the principle of comity bars "§ 1983 actions against the validity of [the District of Columbia] tax system[]." McNary, 454 U.S. at 116. In fact, "the D.C. Circuit has not definitively resolved whether the District of Columbia qualifies as a state for purposes of the [FTIA]." Miller v. District of Columbia, 2007 WL 1748890, at *3 n.1 (D.D.C. 2007). Nevertheless, this Court has previously found that the FTIA "appl[ies] to cases involving District taxes" because "courts have generally indicated that the District of Columbia resembles a state within the framework of a comity analysis." Jenkins v. Washington Convention Ctr., 59 F. Supp. 2d 78, 81-82 (D.D.C. 1999) (affirmed on other grounds by Jenkins v. Washington Convention Ctr., 236 F.3d 6 (D.C. Cir. 2001)); see also Miller, 2007 WL 1748890, at *3 n.1 ("This Court would be inclined to agree with th[e] conclusion . . . that the District . . . qualif[ies] as a state under the statute.").

Indeed, the D.C. Circuit has generally "treated the District of Columbia courts as state courts" pursuant to the very same principle of comity in the Younger abstention context. JMM Corp. v. District of Columbia, 378 F.3d 1117, 1124 (D.C. Cir. 2004). In announcing that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity

of state tax systems in federal courts," the Supreme Court in McNary explained that this was the same principle of comity described in Younger: "'a proper respect for state functions . . . [in] the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.'" 454 U.S. at 112, 116 (quoting Younger, 401 U.S. at 44).

In concluding that the District of Columbia should be treated as a state for Younger abstention purposes, the D.C. Circuit explained that both it "and the Supreme Court have noted [that] 'from [the passage of the District of Columbia Court Reorganization Act of 1970] onward, the relationship of the federal to the local judiciary was to be akin to that historically existent in the states.'" JMM Corp., 378 F.3d at 1124 (quoting Steorts v. Am. Airlines, Inc., 647 F.2d 194, 196 (D.C. Cir. 1981)).[3] Thus, "both our case law and other federal statutes treat the D.C. courts like state courts," including for Pullman and Colorado River abstention purposes, as well as for Younger abstention purposes. Id. Because "Congress has made clear that it intends federal courts generally to treat the District of Columbia judicial system as if it were a state system," JMM Corp., 378 F.3d at 1125, the principle of comity bars "taxpayers . . . from asserting § 1983 actions against the validity of [the District of Columbia] tax system[] in federal courts," McNary, 454 U.S. at 115.

---

[3] In 1970, Congress reorganized the courts of the District of Columbia through the District of Columbia Court Reorganization Act of 1970 ("DCCRA"). Pub. L. No. 91-358, tit. I, § 111, 84 Stat. 473, 475-521 (1970). Prior to passage of that act, the local court system had limited jurisdiction, and this Court "had concurrent jurisdiction . . . over most . . . criminal and civil matters." Palmore v. United States, 411 U.S. 389, 392 n.2 (1973) (citing D.C. Code Ann. §§ 11-521 through 523 (1967)). The DCCRA transferred "all 'local' jurisdiction . . . from the Federal courts to a new Superior Court of the District of Columbia and the District of Columbia Court of Appeals." H.R. Rep. No. 91-907 at 23 (1970).

**B. Comity Bars Federal Court Jurisdiction over this Challenge to a Tax Sale**.

Although there is some disagreement regarding whether plaintiffs may bring challenges to local tax sales in federal court, this Court maintains its position that federal courts do not have "subject-matter jurisdiction over . . . suit[s] seeking to set aside or undo the sale of . . . propert[y] at a tax auction" because "a tax sale . . . 'is a mode of tax collection'" and the FTIA bars challenges to the "collection" of taxes. Miller, 2007 WL 1748890, at *3 (quoting Wright v. Pappas, 256 F.3d 635, 637 (7th Cir. 2001)); see also Dawson v. Childs, 665 F.2d 705, 710 (5th Cir.1982) (holding that federal courts do not have jurisdiction over a suit to enjoin a tax lien).[4] Miller specifically relies on the FTIA, rather than comity, but comity at a minimum bars damages actions that would otherwise be barred by the FTIA itself. See, e.g., Wright, 256 F.3d at 636-37 (explaining that the Supreme Court employed the principle of comity in McNary to avoid "an end run around the statutory prohibition" of the FTIA).

---

[4] In Miller, this Court held that a challenge to a tax sale was barred both by Congress's grant of exclusive jurisdiction to District of Columbia courts over tax challenges and by the FTIA. 2007 WL 1748890, at *3 (citing Jenkins, 236 F.3d 6). The plain language of the D.C. Code, however, calls into question whether Congress has granted exclusive jurisdiction to District of Columbia courts over challenges to tax sales. As the D.C. Circuit has explained, "Congress has granted exclusive jurisdiction over challenges to District of Columbia tax assessments" and "claims for refunds" to the District of Columbia courts. Jenkins, 236 F.3d at 7, 12 (citing D.C. Code §§ 11-921(a)(3)(B), 11-1201, 11-1202; 47-3310). Miller did not specifically analyze whether the statutory language applies to tax sales, but it is unlikely that a challenge to a tax sale is either a "challenge[] to [a] tax assessment[]" or a "claim[] for [a] refund[]." Jenkins, 236 F.3d at 12. A tax sale is not an assessment because "[i]n § 1341 and tax law generally, an assessment is . . . the official recording of liability that triggers levy and collection efforts." Hibbs v. Winn, 542 U.S. 88, 101 (2004). Moreover, a challenge to a tax sale is not a claim for a refund because the concept of a refund contemplates "the overpayment of a[] tax." D.C. Code § 47-3310; see also Black's Law Dictionary (9th ed. 2009) (defining "refund" as "[t]he return of money to a person who overpaid, such as a taxpayer who overestimated tax liability"). Accordingly, this Court relies only on the FTIA in concluding that it does not have subject matter jurisdiction over a challenge to a tax sale.

The Second Circuit, however, has concluded that the FTIA does not bar a suit "challeng[ing] the adequacy of the notice provided" in a tax sale. Luessenhop v. Clinton Cnty., 466 F.3d 259, 264 (2d Cir. 2006). In so finding, Luessenhop correctly rejects the proposition that the FTIA bars an action merely "because [it] pertain[s] to state tax administration in the most general sense." Id. at 265. Bypassing the text of the statute, however, Luessenhop focuses instead on the Congressional purpose of the Act—to bar "'cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes.'" Id. at 266 (quoting Hibbs v. Winn, 542 U.S. 88, 107 (2004)). From this perceived Congressional purpose, Luessenhop determined that federal court challenges to the adequacy of notice in a tax sale were not barred when plaintiffs do not "dispute the assessments or amounts owed." Id. at 268. The Second Circuit asserted that because plaintiffs did not dispute that the tax was due, such challenges did "not raise the specter of federal courts reducing the flow of money into state coffers." Id. Hence, the court found that the challenges were not barred by the FTIA. Id.

The decision in Luessenhop neglects the text of the FTIA; moreover, a challenge to the process of tax collection will always "raise the specter of federal courts reducing the flow of money into state coffers." Id.[5] The FTIA plainly bars challenges to state tax "collection," and Luessenhop never addresses why a challenge to the adequacy of notice in a tax sale is not a challenge to "collection." Rather, the Second Circuit merely relies on the Congressional purpose of the FTIA. Moreover, even granting Luessenhop its premise that jurisdiction hinges on

---

[5] Although Luessenhop only relied on the FTIA and is thus technically distinguishable from this Court's decision which relies on comity, the Second Circuit nonetheless found federal jurisdiction in a state tax sale challenge seeking damages—the same challenge plaintiffs bring here. Luessenhop, 466 F.3d at 262-64.

whether an action seeks to empty state coffers, a damages action plainly seeks money from state coffers. Although Luessenhop makes much of the fact that plaintiffs there did not "dispute the assessments or amounts owed," those plaintiffs still sought damages that effectively would offset the taxes recovered. Indeed, Luessenhop makes the worries of the Supreme Court in the "assessment" context come to fruition in the collection context: "State tax collection officials could be summoned into federal court to defend their [collections] . . . merely on the assertion that the tax" was unlawfully collected, and the federal court would thus become "a source of appellate review of all state" collection claims. McNary, 454 U.S. at 114. Accordingly, this Court finds no reason to depart from its earlier determination in Miller that the FTIA, and by extension the related principle of comity, bar tax sale challenges such as plaintiffs bring here.

### C. Waiver of a Comity Argument

The remaining question is whether defendants waived the protection of the principle of comity by removing this case from Superior Court. Although at least one court has suggested waiver applies in that context, no court has held that a federal court is required to entertain a suit because a comity argument was waived through removal. In fact, most courts have found that a defendant cannot waive the protection of the principle of comity in the state tax arena. Because plaintiffs here originally filed in Superior Court, and because defendants now argue that jurisdiction is improper in this Court in any event, the Court will remand the case to Superior Court.

The Sixth Circuit has concluded that a state can waive the comity protections underlying the FTIA by removing a case, but it did not suggest that a federal court was required to entertain the action. In Howard v. City of Detroit, the court stated that defendants "waived" the argument

that "the comity concerns described" in McNary "precluded the [non-injunctive] relief sought." 73 F. App'x 90, 94 (6th Cir. 2003). The court explained that McNary was "based not on a lack of subject matter jurisdiction, but on principles of federalism and comity enforceable in equity," and that "[a]n objection to the equity jurisdiction of a court, unlike subject matter jurisdiction, can be waived." Id. at 94 n.1 (citing Atlas Life Ins. Co. v. W.I. Southern, Inc., 306 U.S. 563, 568 n.1 (1939)).[6] Although the Howard court concluded the comity argument was waived, it did not provide any specific support for waiver through removal, and the court did not suggest that a federal court therefore had to entertain the action.

Moreover, the Howard court's observation goes against the weight of the circuits in finding that the principle of comity can be waived in the tax injunction context. Every other federal court to consider the matter has found that a state cannot waive the protection of the principle of comity in state tax matters, even if the state is willing. See Balazik v. Cnty. of Dauphin, 44 F.3d 209, 218 n.11 (3d Cir. 1995) (holding that although "the state taxing authorities themselves . . . removed the case[,] . . . the comity rational of McNary acts as a restriction on the power of the courts"); Hardwick v. Cuomo, 891 F.2d 1097, 1104 (3d Cir. 1989) (holding that suit was barred as a matter of comity even "though the State of New York . . . indicates that it would waive the bar of the Tax Injunction Act"); Campbell v. Hilton Head No. 1 Pub. Serv. Dist., 114 F. Supp. 2d 482, 488 (D.S.C. 1999) (holding that "remand is proper, despite the

---

[6] Decisions in the Younger abstention line suggest that the principle of comity may be waived. See, e.g., Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 517 (1st Cir. 2009) (noting that Younger "abstention is a waivable defense"); Guttman v. New Mexico, 325 F. App'x 687, 693 (10th Cir. 2009) (explaining that "a state may waive its Younger argument"). But these are not "waiver through removal" tax injunction cases; certainly waiver may be applicable in other settings. And like in the tax injunction context, no court has suggested that a court must entertain a suit when the comity argument is arguably waived.

defendants' willingness to waive the principle of comity"); Howard v. Bryan, 1994 WL 721415, at *3 (N.D. Cal. 1994) (Although "[c]ity defendants argue that because they removed, . . . comity should not bar jurisdiction[,] . . . they cannot waive its jurisdictional bar."); Cox Cable Hampton Rd., Inc. v. City of Norfolk, 739 F.Supp. 1074, 1077 (E.D. Va. 1990) ("It clearly would be improper for this court to waive the principle of comity . . . even when the state itself is willing to waive the jurisdictional limitations.").

This Court need not decide whether waiver applies here when defendants are unwilling to waive comity's protection. It would make little sense for this Court to retain this case when neither party actually wants the case before this Court. Defendants argue that the FTIA bars the suit, and plaintiffs originally filed in Superior Court, and now focus primarily on the merits of the case, only responding to defendants' subject matter jurisdiction arguments by asserting that "[d]efendants mischaracterize the case." Pls.' Opp. [Docket Entry 26] at 1. To entertain this case over defendants' objection would contravene the "longstanding policy to limit drastically federal interference in the administration of state taxes." California v. Grace Brethren Church, 457 U.S. 393, 419 (1982).

This Court has previously found, and defendants do not dispute, that for challenges to tax sales, "District of Columbia law supplies the required remedies in the form of a detailed statutory scheme (found at Chapter 13A of Title 47 of the D.C. Code) governing the redemption and foreclosure of property." Miller, 2006 WL 3361504, at *3 (citing D.C. Code §§ 47-1360 to -1385). Moreover, District of Columbia law provides that "[i]f the District fails to comply in every respect with the statute and regulations, the sale is invalid and must be set aside." Keatts v. Robinson, 544 A.2d 716, 719 (D.C. 1988). Accordingly, this Court will apply the principle of

comity and return this challenge to the application of the District of Columbia tax system to the District of Columbia courts.[7]

## CONCLUSION

For the reasons explained above, the Court will remand the case to Superior Court. A separate Order accompanies this Memorandum Opinion.

                /s/
        JOHN D. BATES
  United States District Judge

Dated: August 24, 2011

---

[7] To the extent plaintiffs' D.C.-law based claims are not barred by the principle of comity, this Court declines to exercise jurisdiction. See Amiri v. Gelman Mgmt. Co., 734 F. Supp. 2d 1, 4 (D.D.C. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)) ("Generally, a federal court 'should decline the exercise of jurisdiction' . . . where the federal claims are resolved early in the litigation leaving only state law claims.").